# MEMORANDUM

**SUPREME COURT : KINGS COUNTY**                    **(Criminal Term, Part 1C-S)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**PEOPLE OF THE STATE OF NEW YORK,**

                                                    **By: Silverman, J.**

                    - against -                     **Dated: May 17, 2004**

**JONATHAN HOLLAND,**                               **Indictment No.: 3572/94**

                    **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

Defendant, *pro se*, moves pursuant to CPL § 440.10, to vacate the judgment of conviction, on the ground that in violation of his Constitutional Rights he was denied effective assistance of counsel. His trial counsel failed to argue at the *Wade* hearing that defendant was entitled to have counsel present at the line-up. The police were aware that he was represented by counsel at that time. His trial counsel failed to interview and call to the stand the police officer who took a report from a complaining witness, David Funck, to impeach Funck's trial testimony.

Defendant was convicted after a jury trial of Robbery in the First Degree (two counts) and Robbery in the Second Degree.

Defendant was sentenced as a second felony offender to consecutive terms of imprisonment of twelve and one-half to twenty-five years on each count of robbery in the first degree and seven and one-half to fifteen years for the robbery in the second degree count.

Defendant appealed to the Appellate Division arguing among other claims that line-up was unnecessarily suggestive. The Appellate Division affirmed the conviction (*People v Holland*, 248 AD2d 636). Defendant's leave to appeal to the Court of Appeals was denied (*People v Holland*, 92 NY2d 853).

Defendant petitioned the United States District Court for the Eastern District of New York for a writ of *habeas corpus*. A decision has not been issued on defendant's

*habeas corpus* petition.

       The People oppose the within motion on the grounds that it is procedurally barred and without merit.

       CPL § 440.10(2)(c) requires a court to deny a motion to vacate a judgment if all the necessary facts relating to the legal issue appear "on the record" (*People v Cooks*, 67 NY2d 100; *People v Sadness*, 300 NY 69). The "on the record" bar applies whether or not the issue (as opposed to facts) has been preserved for appellate review (*People v Cooks, supra*, 67 NY2d, at 103 n1; *People ex rel. Gibbs v Vincent*, 39 NY2d 918, 919; *People v Donovon*, 107 AD2d 433; *see also, People v McKay*, 215 AD2d 221).

       This is one of the rare case where all of defendant's claims are part of the record. Whereas, defendant's claims regarding ineffective assistance of counsel due to trial counsel's failure to argue at the Wade hearing that the lineup was conducted in violation of defendant's right to counsel and trial counsel's failure to call a police officer to the stand to impeach a complainant's trial testimony are all part of the record, all of the necessary facts relating to these claims appear on the record. As such, defendant's motion is mandatorily barred (*see, People v Castenda*, 189 AD2d 890, 891).

       The Court must deny a motion to vacate a judgment when although sufficient facts appear on the record to have permitted on appeal from the judgment review of the issues raised in the motion no appellate review occurred because of the unjustifiable failure to raise the issues upon an appeal actually perfected (CPL §440.10(2)(c)).

       All of the issues raised by defendant in the within motion could have been raised on appeal but were unjustifiably not raised. Accordingly, as to these issues the motion is procedurally barred, and the sought for relief is denied for reasons of procedural default.

       Defendant's argument that he was improperly denied his right to counsel when the police, with knowledge that the defendant had an unrelated pending case, arrested him and put him in lineups without his attorney being present also fails. There is no Federal or State constitutional right to counsel for an accused at a pre indictment lineup (*Kirby v Illinois*, 406 US 682; *People v Hawkins*, 55 NY2d 474).

For the sake of completeness the Court will discuss the merits of the defendant's arguments regarding the ineffective assistance of trial counsel. Where there are both record and nonrecord claims of ineffective assistance of counsel, a CPL § 440 motion is an appropriate vehicle to raise both claims ( *People v Hoyte,* 273 AD2d 480).

The Sixth Amendment to the United States Constitution gives a defendant in a criminal proceeding the right to the assistance of counsel *(Gideon v Wainwright,* 372 US 335).* This includes the right to "effective" assistance of counsel *(Strickland v Washington,* 466 US 668). Counsel renders effective assistance when "the evidence, the law and the circumstances of a particular case, viewed in totality and as of the time of representation reveal that the attorney provided meaningful representation ..." *(People v Baldi,* 54 NY2d 137, 147). What constitutes effective assistance, moreover, is not susceptible to precise measurement *(id.* at 146-147). "To prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair trial by less than meaningful representation; a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice" *(People v Flores,* 84 NY2d 184, 187; *People v Benn,* 68 NY2d 941, 942).This standard is designed to provide the defendant with a fair trial in contrast to a perfect one *(People v Flores, supra* at 187). Lastly, unethical conduct of an attorney does not necessarily mean that defendant was denied effective assistance of counsel *(Nix v Whiteside,* 475 US 157).

Applying these principals to the instant matter the Court finds that both as to the record and nonrecord claims defendant did not adequately demonstrate he was denied effective assistance of counsel. This Court finds that the defendant has failed to establish that he received representation that fell below an objective standard of reasonableness and that, but for his attorney's unprofessional errors, there is a reasonable probability that the result of his trial would have been different. Defendant's attorney provided meaningful representation in that he devised and executed a reasonable trial strategy to defended against the charges. That this strategy was ultimately unsuccessful did not render counsel's assistance ineffective *(People v Ghee,* 153 AD2d 959). This Court "must avoid both

confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (*People v Baldi, supra* at 146). A legitimate explanation may have existed for counsel's failure to call the police officer who took Funck's complaint to the stand. Defendant has failed to demonstrate the necessary absence of strategic or other legitimate explanations for counsel's action (*People v Richardson*, 193 AD2d 969, 971). Whereas counsel's determination not to call this witness was a strategic decision and there is no basis for a finding that this decision constituted ineffective assistance of counsel (*see, People v Smith*, 82 NY2d 731).

For the foregoing reasons defendant's motion to vacate the judgment of conviction is denied.

This constitutes the decision and order of this Court.


J. S. C.

JUSTICE JOSEPH S. SILVERMAN

ENTERED

MAY 2 1 2004

WILBUR A. LEVIN
COUNTY CLERK

To

Magistrate Judge Go

Attn: Ms. Park


From: ADA Monique Ferrell